IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMEY J. CANADAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 05-00463-CV-W-GAF |
| | ) | Crim. No. 02-00329-01-CR-W-GAF |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER DENYING MOVANT'S 28 U.S.C. § 2255 MOTION

On December 4, 2004, a federal grand jury returned a one-count indictment against Movant. The indictment charged that movant was a felon in possession of a weapon. Movant pled guilty, without a written plea agreement, to the charge on March 6, 2003. A Presentence Investigation Report (PSR) was prepared and Movant's counsel filed three objections to the Guidelines enhancements assessed in the PSR, including an objection to the four-level enhancement pursuant to § 2K2.1(b)(5). On June 20, 2003, a sentencing hearing was held before this Court. Movant's objections were overruled and the Guidelines range was 100 to 120 months. Movant was sentenced to 100 months in prison followed by three years of supervised release.

Movant filed a timely notice of appeal, renewing only the objection of the two-level enhancement due to § 2K2.1(b)(1)(A) for an offense involving three to seven firearms. On February 2, 2004, the United States Court of Appeals for the Eighth Circuit affirmed movant's sentence. *United States v. Canaday*, 2004 WL 188323 (8th Cir. 2004). Subsequently, movant timely filed his pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In his 2255 motion, movant claims that his attorney was ineffective for "misadvising [him] that he was facing not more than 60 months" in prison, and for failing to challenge on appeal the sentencing enhancement pursuant to § 2K2.1(b)(5) for possession of a firearm in connection with another felony. Movant also claims his plea was not voluntary due to his abuse of Oxycontin during the period of his plea and sentencing hearings. Movant also argues that his sentence is unconstitutional in light of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), arguing that *Booker* applies retroactively.

A claim of ineffective assistance of counsel faces a heavy burden.

> A claim of ineffective assistance of counsel under § 2255 must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. The first part of the test is met when the defendant shows that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances. The second part is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988) (citations omitted).

The failure to establish "prejudice" is dispositive of a § 2255 claim, and the court does not have to then address the reasonableness of the attorney's performance. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *see also United States v. Montanye*, 77 F.3d 226, 230 (8th Cir. 1996); *Sanders v. Trickey*, 875 F.2d 205, 222 n.8 (8th Cir. 1989). Movant's argument fails to satisfy either prong of the *Strickland* test.

2

Movant argues his attorney was ineffective for "misadvising [him] that he was facing more than 60 months in prison. In this regard, the Eighth Circuit has repeatedly held that "a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999); *see also United States v. Premachandra*, 101 F.3d 68, 69 (8th Cir. 1996). This Court directly informed movant during his plea hearing that if his plea were accepted he "could thereby be sentenced to a term of up to ten years of imprisonment." The record is clear that movant pled guilty with full knowledge of the sentence he faced.

This Court conducted an extensive examination of movant at his plea hearing, during which time movant was asked numerous questions about the clearness of his mind and whether he was under the influence of any drug or medication or undergoing drug treatment, twice asked about his satisfaction and the existence of any complaints regarding his legal representation, and was informed that if his plea were accepted he "could thereby be sentenced to a term of up to ten years of imprisonment." Movant's plea was freely and intelligently entered with an understanding that his sentence could be as long as ten years. Furthermore, although movant now submits an affidavit stating that he was under the influence of Oxycontin during the plea and sentencing proceedings, this Court specifically inquired numerous times into his clarity of mind and freedom from the influence of any substance, and this record supports the conclusion that movant was not, in fact, under the influence of any drug or medication. *See Bonner v. Wyrick*, 563 F.2d 1293, 1298 (8th Cir. 1977). Furthermore, movant's counsel states in her Affidavit that she "had no knowledge that Mr. Canaday was using oxycodone on the day of his guilty plea. I visited with him on that day and he seemed fine to me."

3

The record contains ample evidence of questioning and testimony from movant that he possessed clarity of mind and was free of "the influence of any drug or medication or alcoholic beverage of any kind." If movant had exhibited any lack of clarity, this Court would have made further inquiry.

Movant also argues that his counsel was ineffective for failing to challenge the sentencing enhancement found pursuant to § 2K2.1(b)(5), arguing that the enhancement was erroneously applied to his case because he did not possess the firearm in connection with another felon offense as "the possession of less than one gram of Methamphetamine which was found during the burglary and intended to be for movant's personal use . . . did not qualify as felony offense under the Federal or State's laws." This assertion is incorrect. Missouri law makes it a class C felony to possess any amount of methamphetamine. *See* Mo. Rev. Stat. §§ 125.017 and 195.202; *see also State v. Willers*, 794 S.W.2d 315 (Mo. App. 1990).

Furthermore, the case law unequivocally refutes movant's argument that the possession of the firearm was not connected to his possession of the "personal use" of methamphetamine. The Eighth Circuit has repeatedly approved the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possession of any firearm in connection with another felony offense when firearms are found in close proximity to narcotics. *See United States v. Amburn*, ____ F.3d ____, No. 04-2999, 2005 1412968 *8-9 (8th Cir. June 17, 2005); *United States v. Johnston*, 371 F.3d 415, 417-18 (8th Cir. 2004); *United States v. Agee*, 333 F.3d 864, 866 (8th Cir. 2003); *United States v. Bell*, 310 F.3d 604, 605-06 (8th Cir. 2002); *United States v. Linson*, 276 F.3d 1017, 1018-19 (8th Cir. 2002); *United States v. Martinez*, 258 F.3d 760, 761-62 (8th Cir. 2001); *United States v. Regans*, 125

4

F.3d 685, 686-87 (8th Cir. 1997). The enhancement is appropriate even when the narcotics felony is only for personal use. *Agee*, 333 F.3d at 866; *Bell*, 310 F.3d at 605-06. The enhancement is appropriate in these cases because the firearms are available to be used for protection, and there is no requirement that the evidence show actual use. *Agee*, 333 F.3d at 866; *Bell,* 310 F.3d at 605-06. The record provides ample support to conclude that movant did in fact possess the firearm with an intent to protect his narcotics and abandoned it only in an effort to shed evidence of his burglary before the police apprehended him. The record reflects that it was not clearly improbable that the firearms were possessed in connection with the narcotics felony, and the application of the § 2K2.1(b)(5) enhancement was proper.

Movant also complains that counsel was ineffective by advising him to plead guilty without a written plea agreement. As movant's counsel states in her Affidavit, it "is my standard practice in the felon in possession cases" to advise clients to "plead without a plea agreement," stating that "[g]enerally the government will not agree to favorable guidelines when there is a question about the application of a certain subsection" and noting that "we are required in plea agreements to waive our appeal rights." Such advice does not constitute ineffective assistance of counsel.

Counsel further states in her Affidavit that "Mr. Canady, as I recall, had no hesitation about pleading guilty." Furthermore, contrary to movant's allegation about his counsel that "[h]e [sic] also instructed movant that when he is before the judge to plead guilty, 'You must go along with the program and not to make the judge mad so the plea will be accepted.'" Counsel states in her Affidavit that she has "no recollection of ever telling him he had to 'go with the program' during the plea hearing. This is not an expression I would use with a client." Movant's allegations and claims are without merit.

5

Finally, *Booker* does not apply to this § 2255 motion because movant's case was final before the issuance of *Booker*. *Never Miss a Shot v. U.S.*, 413 F.3d 781, 783-84 (8th Cir. 2005).

WHEREFORE, for the reasons stated herein, movant's motion is denied.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED:   December 5, 2005